Dear Mr. McNeill:
On June 24, 1983, this office issued Opinion No. 97-83 to your predecessor, Richard A. King, concerning personnel records maintained by the Missouri Department of Revenue. Shortly thereafter, on July 8, 1983, it was necessary to issue a clarification letter to Mr. King regarding Opinion No. 97-83 because of certain misunderstanding about the scope of the opinion. In spite of this, questions continue to persist which require us to withdraw our original response and substitute the following.
The original opinion request asked the following questions:
 1. Are personnel records of employees of the Missouri Department of Revenue [hereinafter sometimes referred to as "DOR"] open "public records" under . . . [Section] 610.010(4) RSMo., and, therefore, open to inspection by the general public?
 2. Are any parts or portions of personnel files and records not subject to Chapter 610 RSMo., and, if so, may the Director of Revenue by rule, policy or procedure designate such parts, portions or personnel records in their entirety as confidential or otherwise unavailable for inspection by members of the general public?
 3. Assuming that Chapter 610 RSMo. makes personnel records of employees of the Department of Revenue "public records" and that the Department of Revenue refuses to allow inspection of such records by the general public:
 a. Would the Director of Revenue or the Department of Revenue be subject to the remedies and penalties found in . . . [Section] 610.027 RSMo.?
 b. Would there be personal liability against the Director of Revenue for such refusal to allow inspection?
 4. Assuming that Chapter 610 RSMo. makes personnel records of the Department of Revenue in part or in their entirety "public records" and the Department of Revenue allows inspection of such records by the general public:
 a. Would the Department of Revenue or the Director of Revenue be subject to liability or suit by employees of the Department of Revenue for such release of personnel information under state or federal law?
 b. Would there be the potential for personal liability against the Director of Revenue for such release of information? [Emphasis in original.]
The personnel records described in the opinion request are said to contain "personal histories, employment applications, letters of reference, performance evaluations, examinations and employee disciplinary actions such as letters of reprimand and dismissals. Other information such as service reports containing evidence of past criminal or police records, driving records and tax history may also be included."
There is no question that the Sunshine Law or the Open Meetings Act, Sections 610.010 to 610.120, RSMo 1978, Supp. 1984, and Supp. 1985, was enacted by the legislature to guarantee the public's right of access to and knowledge of the activities of its governing bodies. Section610.010(4), RSMo 1984 Supp., defines the term "public record" in pertinent part as any record retained by or of any public governmental body. Section 610.015, RSMo 1978, generally provides that public records are open to the public for inspection and duplication, unless "otherwise provided by law." In the absence of such law, personnel records would be considered public records.
However, as discussed in our Opinion 119-1984, copy enclosed, the phrase "otherwise provided by law" has been interpreted to require the closure of records where disclosure would violate the right of privacy. See, Hyde
v. City of Columbia, 637 S.W.2d 251 (Mo.App. 1982). Moreover, the legislature took certain additional steps to balance the right of the public to know with the necessity of restraint in certain matters in Section 610.025, RSMo 1985 Supp., which enumerates various areas in which meetings, records, or votes may be closed under the Sunshine Law. Subsection 3 of Section 610.025, RSMo 1985 Supp., states that "meetings relating to the hiring, firing, disciplining, or promotion of personnel of a public governmental body" may be closed. The Missouri Court of Appeals in Wilson v. McNeal, 575 S.W.2d 802, 810
(Mo.App. 1978), has rejected a narrow interpretation of the term "meetings" as used in this subsection by holding that records from a closed meeting as well as the meeting itself might be closed.
The personnel records mentioned in the request are vital ingredients in any discussion of hiring, firing, disciplining, or promotion. Since the Director of Revenue is the public governmental body in this instance because of his authority over Department of Revenue employees granted pursuant to Section 32.050.3(2), RSMo 1978, and Subsection 12 of the Omnibus State Reorganization Act of 1974, Appendix B, RSMo 1978, he is vested with the authority to determine Department of Revenue policy on this matter. The recognition by the legislature that such matters could be handled by the head of the public governmental body who was solely responsible for decision making provides convincing evidence that all individual personnel records maintained for the purpose of hiring, firing, disciplining, or promotion may be closed without meeting in order to protect the privacy of the individual and to permit the necessary collection of information by the public governmental body.
We believe this discussion as to your first question provides an answer to the second question. As stated, the Director of Revenue is vested with the authority and duty of determining Department of Revenue policy on the hiring, firing, disciplining, or promotion of personnel and may establish policy to close personnel records to the extent necessary to protect specific individual records within the context of the Sunshine Law.
The remaining questions inquire as to the liability of the Director of Revenue for actions taken with regard to personnel records. Because this office defends the State of Missouri and the Director of Revenue for acts done in his official capacity, we believe it is not in the best interest of the State of Missouri, the Department of Revenue, or the Director of Revenue to discuss theories of liability in this opinion and thereby potentially compromise our ability to provide a defense. We would be pleased to consult with you on an informal basis in this regard.
CONCLUSION
It is the opinion of this office that personnel records retained by or the property of the Missouri Department of Revenue come within the definition of "public records" as defined in the Sunshine Law, but that such records may be exempted from public disclosure or closed as required by law.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General